**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Siren, Inc., an Arizona corporation, ) | No. CV-06-1529-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| John Redd, ) | |
| Defendant. ) | |

Pending before the Court are Defendant John Redd's motion to dismiss and Plaintiff Siren, Inc.'s motion to remand. Dkt. ##4-5. For the reasons stated below, the Court will **grant the motion for remand and deny the motion to dismiss without prejudice.**[1]

**I.   Background.**

Redd is a former independent contractor of Siren, a marketer and seller of home security systems. Dkt. #1, Attach. #4 ¶¶ 3, 11. Siren is an Arizona corporation that is solely owned by Jared Kilgore. Dkt. #4, Attach. #1 at 3-4. From 2002 through November 2005, Kilgore was employed by Firstline Security, Inc. ("Firstline"), which is also in the business of marketing and selling home security systems. *Id.* at 2. Kilgore formally terminated his employment with Firstline on November 12, 2005. *Id.* at 3. Kilgore incorporated Siren a

---

[1] The Court will deny the request for a hearing because the parties have submitted memoranda thoroughly discussing the law and evidence and the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

few months later. *Id.* at 3-4.

Redd was an employee of Firstline during 2005. Dkt. #4, Attach. #3 ¶¶ 2-3. Redd began working for Siren in January 2006. *Id.* ¶ 10. In late January 2006, Redd and Siren executed an Independent Contractor Agreement ("Agreement"). Dkt. ##1 Ex. #4, 4 Attach. #3. The Agreement contained a forum selection clause that provided: "Any controversy or claim arising out of or relating to this Agreement shall be brought exclusively in the Superior Court of Arizona, in and for the County of Maricopa. The parties hereby submit themselves to the jurisdiction of said court." Dkt. #1, Attach. #4 Ex. #1. At the time the Agreement was executed, Redd was not employed by Firstline. Dkt. #4, Attach. #3 ¶¶ 5-10. In March or April 2006, Redd terminated his employment with Siren and began employment with Firstline. *Id.* ¶¶ 23-25, 27; Dkt. #1, Attach. #4 ¶ 21.

On April 4, 2006, Firstline filed a complaint against Kilgore in Utah state court. Dkt. #4, Attach. #1 at 4. On April 21, 2006, Siren and Kilgore filed a complaint in Arizona state court against Firstline, Defendant Redd, and parties unrelated to this action. *Id.* at 5. The case was removed to the United States District Court for the District of Arizona on the same day, and an amended complaint was subsequently filed alleging intentional interference with contractual relations, defamation and trade libel, restraint of trade, and abuse of process, and seeking preliminary and permanent injunctive relief. *Id.* Siren and Kilgore did not seek to remand the case following its removal. Judge Broomfield dismissed five counts without prejudice based on the forum selection clause contained in Kilgore's employment agreement with Firstline, which rendered venue improper in the district court. *Id.* at 8-19.

Siren commenced this action by filing a complaint against Redd in Arizona state court on June 12, 2006. Dkt. #1, Attach. #4. The complaint alleges breach of contract and intentional interference with contractual relations, and seeks preliminary and permanent injunctive relief based on those claims. *Id.* Redd removed the action to this Court on June 13, 2006. Dkt. #1.

///

///

**II.     Siren's Motion to Remand.**

       **A.     Legal Standard for a Forum Selection Clause.**

The enforceability and interpretation of a forum selection clause in federal court is an issue of federal law. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). The Supreme Court has held that forum-selection clauses in commercial contexts are prima facie valid. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).[2] Such clauses should not be set aside unless the challenging party can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 15. The Ninth Circuit has ruled that the party resisting enforcement of a forum selection clause has a "heavy burden" to establish the unreasonableness of the clause. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1994) (citing *The Bremen*, 407 U.S. at 18); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) ("The burden of establishing federal jurisdiction is upon the party seeking removal . . . and the removal statute is strictly construed against removal jurisdiction.") (citations omitted).

       **B.     Mandatory Versus Permissive Forum Selection Clause Language.**

Siren contends that the Agreement's forum selection clause is mandatory and waives Redd's right of removal. Dkt. #5 at 2. Siren focuses on the use of the word "exclusively" and the specific designation of Maricopa County Superior Court in asserting that Arizona state courts have exclusive jurisdiction over any disputes between the parties. *Id.* at 2-4. Redd contends that the forum selection clause is permissive and does not waive Redd's right of removal. Dkt. #13 at 3. Redd focuses on the phrase "shall be brought" in asserting that jurisdiction need not remain in state court under the clause's language. *Id.* at 4.

---

[2] Although *The Bremen* involved an international forum selection clause in a commercial contract, the Ninth Circuit has approved *The Bremen* framework for domestic forum selection clauses and employment contracts. *See Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867-68 (9th Cir. 1991) (employment contract); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 (9th Cir. 1994) (domestic forum selection clause).

1        **1.**     **Mandatory Forum Selection Clauses.**

2        Siren argues that the forum selection clause at issue is similar to the mandatory forum 3 selection clause deemed enforceable in *Air Ion Devices, Inc. v. Air Ion, Inc.*, No. C 02-1717 4 SI, 2002 WL 1482665 (N.D. Cal. July 5, 2002). In *Air Ion*, the disputed forum selection 5 clause stated, in relevant part, "any action commenced by AID to enforce its rights against 6 AI shall be brought in the County of Marin, State of California." *Id.* at *3. The court 7 concluded that this language established Marin County as the mandatory venue. *Id.* at *4. 8 Additional language in the *Air Ion* forum selection clause stated: "by this provision AI 9 intends to subject itself to the jurisdiction of the courts of the State of California to this 10 limited extent, and none other." *Id.* at *3. The court noted that this was further evidence of 11 the "mandatory language requiring that all actions related to the Agreement be brought in the 12 County of Marin and in no other." *Id.* at *4.

13        The *Air Ion* court examined the forum selection clause language in *Docksider, Ltd.* 14 *v. Sea Technology, Ltd.*, 875 F.2d 762 (9th Cir. 1989). In *Docksider*, the forum selection 15 clause stated: "[l]icensee hereby agrees and consents to the jurisdiction of the courts of the 16 State of Virginia. Venue of any action brought hereunder shall be deemed to be in 17 Gloucester County, Virginia." *Id.* at 763. The second sentence was the "critical language" 18 because it explicitly designated an exclusive venue, thus making the provision mandatory. 19 *Id.* at 763-64; *accord Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th 20 Cir. 1997) (holding that when "the language of the [forum selection] clause refers only to a 21 specific county and not to a specific judicial district . . . venue is intended to lie only in state 22 district court."). *Docksider* held that "[t]he prevailing rule is clear . . . that where venue is 23 specified with mandatory language the [forum selection] clause will be enforced." 875 F.2d 24 at 764 (citations omitted).

25        **2.**     **Permissive Forum Selection Clauses.**

26       Redd claims that the forum selection clause only requires that a party initially bring 27 suit in Maricopa County Superior Court. Dkt. #13 at 4. Redd asserts that the use of the word 28 "exclusively" does not make the clause mandatory; instead, it only indicates that the suit

- 4 -

1  must initially "be brought" in Arizona state court.  Dkt. #16 n.4.

2  In *John's Insulation, Inc. v. Siska Construction Co.*, 671 F. Supp. 289 (S.D.N.Y. 1987), the disputed forum selection clause stated: "[t]his contract shall be interpreted according to the laws of the State of New York and any action hereunder shall be commenced in the Supreme Court of the State of New York." *Id.* at 291.  The district court concluded that the clause was ambiguous and denied the motion to remand.  *Id.* at 295.  In *Huntington Copper Moody & Maguire*, No. 1:04-CV-751, 2005 WL 2290318 (S.D. Ohio Sept. 20, 2005), the forum selection clause stated: "any legal action . . . commenced under this Agreement shall be filed in the Court of Common Pleas, Hamilton County, Ohio." *Id.* at *1.  The court concluded that the forum selection clause did not contain language precluding removal.  *Id.* at *6; *see also In re Delta Am. Re Ins. Co. v. Nat'l Distillers & Chem. Corp.*, 900 F.2d 890, 894 (6th Cir. 1990) (concluding that explicit language is required for any claimed waiver of the right of removal in cases involving foreign states).

**C.  The Forum Selection Clause Is Mandatory.**

The Court concludes that the forum selection clause at issue is mandatory and requires that any breach of contract action be litigated in Maricopa County Superior Court.  The clause designates Maricopa County Superior Court as the exclusive venue for any controversy or claim arising out of the contract, and is similar to the clause in *Air Ion*.  The *Air Ion* clause  stated that "[a]ny action commenced by AID to enforce its rights against AI shall be brought in the County of Marin, State of California." 2002 WL 1482665, at *4.  The clause in this case states that "[a]ny controversy or claim arising out of or relating to this Agreement shall be brought exclusively in the Superior Court of Arizona, in and for the County of Maricopa." Dkt. #1, Attach. #4 Ex. #1.  The *Air Ion* clause indicated venue by stating a specific county; the clause at issue here specifies both a county and a court.

Courts must strictly construe the removal statute against removal jurisdiction.  *See Emrich* 846 F.2d at 1195; *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).  A mandatory forum selection clause is enforceable unless the resisting party can establish the clause's unreasonableness.  *See Pelleport*, 741 F.2d at 281.  Redd has offered no evidence that the

clause or a remand to state court would be unreasonable.

### D. Waiver of the Right to Remand Under the Forum Selection Clause.

Redd contends that Siren relinquished its right to remand this case because Siren did not seek to remand in *Siren v. Firstline Security*, No. 06-CV-1109, after it was removed to federal court on April 21, 2006. Dkt. #13 at 7. While Redd cites Arizona case law defining waiver generally, Redd offers no support for his assertion that a party's failure to seek remand in a separate case waives that party's right to seek remand in this case. *See id.* The Court concludes that this contention is without merit.

## III. Siren's Request for Attorney's Fees.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "An award of [costs and] attorney's fees pursuant to section 1447(c) . . . is within the discretion of the district court, and bad faith need not be demonstrated." *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 448 (9th Cir. 1992). The Tenth Circuit has noted that "[i]n deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal." *Excell*, 106 F.3d at 322 (citations omitted). The Court declines to award attorneys' fees and costs to Siren. The motion to remand involved a genuine issue of law regarding interpretation of the forum selection clause. The Court finds no evidence of tactical manipulation by Redd. Under these circumstances, an award of fees and costs is inappropriate.

## IV. Redd's Motion to Dismiss.

Redd claims that the doctrines of res judicata and collateral estoppel should bar this action by Siren. Dkt. #4 at 10. Redd makes the alternative claim that even if the Court determines that no preclusion exists, this case should be dismissed for the same reasons that *Siren v. Firstline Security* was dismissed.

In light of the Court's conclusion that the forum selection clause is mandatory and remand should occur in this case, the Court will not rule on the motion to dismiss. That motion may be pursued, if appropriate, in state court.

Siren asks the Court to strike Redd's motion to dismiss on the grounds that Redd had no right to remove this case from state court. Siren may pursue that argument in state court.

**IT IS ORDERED:**

1. Plaintiff's motion for remand (Dkt. #5) is **granted**.
2. The Clerk shall **remand** this action to state court.

DATED this 4th day of October, 2006.

*Daniel G. Campbell*
———————————————
David G. Campbell
United States District Judge